COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-338-CV

 

 

IN RE RENTAL SERVICES CORPORATION                                   RELATOR

 

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Relator Rental Services
Corporation (ARSC@) filed a petition for writ of mandamus seeking relief from a trial
court order compelling RSC to produce certain documents, which RSC claims are
privileged.  Because RSC=s privilege log falls short of the requirements of rule 193.3(b), we
deny RSC=s petition.

                                            Background








The real party in interest,
Anna Lee, sued RSC for wrongful death damages after her husband was crushed and
killed by a piece of heavy equipment owned by RSC and leased to the decedent=s business partner.  Lee served
a request for production on RSC seeking documents identifying persons who
investigated the decedent=s death and
the types and categories of documents and things compiled in the
investigation.  RSC objected to the
request as seeking information protected by the attorney-client, work-product,
witness-statement, party-communication, and consulting-expert privileges.  RSC did not state that it was withholding
documents.  When Lee requested a
privilege log, RSC produced a log that stated in its entirety as follows:

Document:          Internal investigative data and notes
prepared in anticipation of litigation.

Description:        Memorializations of conversations with
attorneys of record, detailed; summaries regarding the investigation.

Pgs.:                 60 pgs.

Objection:           attorney/work product privilege;
attorney/client privilege; investigative privilege; consulting expert
privilege.

Bates Label:        230-290.

 

Lee filed special exceptions
to the privilege log and a motion to compel, and RSC moved for a protective
order.  The trial court reviewed the
subject documents in camera and ultimately ordered RSC to produce them.  RSC then filed its petition for writ of
mandamus in this court.

                                       Standard of Review








Mandamus will issue to
correct a discovery order if the order constitutes a clear abuse of discretion
and there is no adequate remedy by appeal. 
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding); In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex.
1998) (orig. proceeding).  In making
determining whether the trial court abused its discretion, we are mindful that
the purpose of discovery is to seek the truth so that disputes may be decided
by what the facts reveal, not by what facts are concealed.  Colonial Pipeline, 968 S.W.2d at
941.  To determine whether a trial court
abused its discretion, we must decide whether the trial court acted without
reference to any guiding rules or principles; in other words, whether the act
was arbitrary or unreasonable.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986).

                                             Discussion








A party claiming a privilege
in discovery must assert the privilege in accordance with rule 193.3.  Tex.
R. Civ. P. 193.3.  AA party should not@Cas RSC did hereCAobject to a request for written discovery that calls for production of
material or information that is privileged but should instead comply with Rule
193.3.@  Tex. R. Civ. P. 193.2(f). 
A party may assert a privilege by withholding documents and stating in
its response to a discovery request: A(1) information or material responsive to the request has been
withheld, (2) the request to which the information or material relates, and (3)
the privilege or privileges asserted.@  Tex. R. Civ. P. 193.3(a). 
Upon request, the withholding party must serve a privilege log that A(1) describes the information withheld that, without revealing the
privileged information itself or otherwise waiving the privilege, enables other
parties to assess the applicability of the privilege, and (2) asserts a
specific privilege for each item or group of items withheld.@  Tex. R. Civ. P. 193.3(b).

Both RSC and Lee cite In
re E.I. DuPont de Nemours & Co. as an example of what constitutes an
adequate privilege log under rule 193.3(b). 
See 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding).  We find DuPont instructive.  Following is a sample of the DuPont privilege
log as described by the supreme court:

ADUP
Bates Range 0903484-3484, Date 741029,@ a document from AAustin
RE (DuPont Legal)@ to AMfg
Environmental Committee,@
copied to ABonczek
RR (DuPont Legal; Galloway WR; Helmers EN; Hildrew JC; Meany DM; Reichert RJ;
Schmutz JF (DuPont Legal), and Sebree DB (DuPont Legal),@ is a
AMemo
between DuPont counsel requesting legal advice and comments re: proposed
amendments to regulations concerning national emissions standards for hazardous
air pollutants.@

 

Id. at
221, n.1.








In DuPont, the real
party in interest did not argue that the privilege log was inadequate, and the
supreme court did not hold that it was or was not adequate.  But the difference between the DuPont
log and the log in this case is strikingCso striking that the log in this case seems clearly deficient.  The log in DuPont describes the
information withheld in a way that Aenables other parties to assess the applicability of the privilege.@  See Tex. R. Civ. P. 193.3(b)(1).  By contrast, the log in this case is so vague
as to be almost meaningless and does not enable Lee, the trial court, or this
court to assess the applicability of the privilegeCwhich is presumably why the trial court reviewed the documents
themselves in camera.

Because RSC=s privilege log falls short of the minimum requirements of rule
193.3(b), we cannot say that the trial court abused its discretion when it
overruled RSC=s assertion
of privilege and ordered the production of the subject documents.  Therefore, we deny RSC=s petition for writ of mandamus. 
We vacate our order of October 4, 2006, in which we stayed proceedings
in the trial court pending the disposition of this original proceeding.

 

PER CURIAM

 

PANEL A:   GARDNER, DAUPHINOT, and MCCOY, JJ.

 

DELIVERED:  December 7, 2006











[1]See Tex. R. App. P. 47.4.